IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RICHARD J. URRIZAGA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV05-144-S-BLW |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| DETECTIVE SAM (G.) GIBBS, in her official and personal capacity, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff originally filed his Prisoner Civil Rights Complaint (Complaint) in state court on November 2, 2004.  Attorneys for Defendant Sam Gibbs filed a Notice of Removal on April 14, 2005, pursuant to 28 U.S.C. § 1441.  The Notice of Removal included a state court docket sheet which indicates that Defendant's counsel acknowledged service of Plaintiff's Complaint by entering a Notice of Appearance on April 7, 2005.  The Notice of Removal states that it was timely filed within thirty days after Defendant's counsel entered a notice of appearance.

28 U.S.C. § 1441 authorizes removal of any civil action brought in state court over which the federal district courts would have original jurisdiction.

**ORDER  1**

Federal district courts have original jurisdiction over all civil actions arising under the Constitution of the United States under 28 U.S.C. § 1331, including those actions where the plaintiff has requested a remedy under state law for an alleged violation of a federal substantive right.  *Smith v. Kansas City Title & Trust*, 255 U.S. 180, 199, 41 S. Ct. 243, 245 (1921).  Plaintiff's claims allege constitutional rights violations brought under 42 U.S.C. § 1983, and, therefore, jurisdiction in federal court appears to be proper.

28 U.S.C. § 1446 requires removal of a civil action "within thirty days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . ., or within thirty days after the service of summons upon the defendant . . ., whichever period is shorter."  28 U.S.C. § 1446 (b) and (c)(4).  Defendant's assertion that the removal notice was timely filed is not evident from the documents filed with the Court.  The Complaint shows that it was filed in state court in November of 2004, and Defendant's counsel acknowledged service by filing a "Notice of Appearance" five months later.  The state court docket sheet does not indicate when the Complaint was served on the Defendant, and the Summons attached as an exhibit to the removal request is undated.  Based on the record before it, the Court is unable to determine whether the removal was timely.

**ORDER  2**

Accordingly, Defendant's counsel will be given leave to file a supplement to the notice of removal, clarifying the date upon which Defendant was served with or otherwise received the Complaint.  If the removal was timely, the Court will grant the removal request and review the allegations of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's counsel shall file a supplement to the Notice of Removal request, clarifying the date upon which Defendant was served with or otherwise received the Complaint.  The supplement shall be filed within thirty (30) days of this Order's date.

DATED:  **July 26, 2005**



B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER  3**